**FILED**
**FEBRUARY 8, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SAUL ACOSTA-FARIAS | § | |
| | § | |
| v. | § | 2:10-CV-015 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION TO DISMISS
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Came for consideration the Motion to Set Aside, Correct or Vacate Sentence Pursuant to 28 U.S.C. § 2255 filed by defendant SAUL ACOSTA-FARIAS on January 7, 2010. For the reasons set forth below, defendant's motion is time-barred and it is recommended that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence be DISMISSED.

### I.
### PROCEDURAL HISTORY

On July 3, 2008, defendant pled guilty to the offense of possession with intent to distribute cocaine. On October 7, 2008, the District Judge sentenced defendant to a term of 120 months imprisonment for the offense, and judgment was entered. Defendant did not file a direct appeal challenging his conviction or sentence. Consequently, defendant's conviction became final on October 20, 2008.[1] On January 7, 2010, over one year after his conviction became final, defendant filed the instant motion.

---

[1] Defendant had ten days in which to file a Notice of Appeal. *See* Fed. R. App. Proc. 4(b)(1)(A)(i). Because the tenth day fell on a Saturday, defendant would have had until the following Monday, which was October 20, 2008, to do so.

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant presents the following claims:

1. Defendant was not properly credited with his United States citizenship by either the prosecution or his attorney, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and his Sixth Amendment right to effective assistance of counsel.

2. Defendant received ineffective assistance of counsel because his attorney failed to challenge the results of the laboratory certification that the substance defendant was discovered in possession of was cocaine.

3. The District Court improperly calculated defendant's sentence.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate in federal court. That section provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant challenges his October 7, 2008 judgment of conviction, which became final on October 20, 2008. The one-year statute of limitations thus began to run on October 21, 2008, making defendant's motion to vacate due to be filed on or before October 21, 2009. As defendant did not file the instant motion to vacate until January 7, 2010, the motion is untimely. Defendant acknowledges his judgment became final more than one year before he filed the instant motion, but explains his attorney incorrectly advised him he had no grounds for an appeal, and he did not realize he had grounds for an appeal until he met his cellmate on October 1, 2009. Defendant further argues the motion should be equitably tolled because he did not have access to a law library during certain periods of his incarceration.

Equitable tolling is appropriate only in "rare and exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Moreover, not having access to a law library for certain periods during the one-year period of limitations is not a rare and exceptional circumstance warranting equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 n. 3 (5th Cir. 2000).

Given the strict rules for allowing equitable tolling, defendant has not adequately demonstrated that he is entitled to such. Defendant fails to argue or demonstrate that any of the subsections of 28 U.S.C. § 2255(f) besides subsection (1) are applicable to his case.[2] Because equitable tolling does not apply, defendant's motion is time-barred and should be dismissed as such.

---

[2] Specifically, defendant did not present a sufficient claim of governmental interference with timely filing. *See* 28 U.S.C. § 2255(f)(2). Nor did he assert a newly recognized right. *See* 28 U.S.C. §2255(f)(3). Moreover, at the sentencing hearing, defendant was informed that he was not considered a United States citizen, as he was told he would have to surrender to immigration officials for deportation upon release from incarceration. Defendant likewise knew of his attorney's failure to challenge the lab results establishing he was in possession of cocaine and knew of the court's sentencing. Thus, defendant knew all the facts supporting his claim as of the date judgment issued. *See* 28 U.S.C. § 2255(f)(4).

IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by defendant SAUL ACOSTA-FARIAS be, in all things, DISMISSED.

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 8th day of February, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988)